IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMES N. BYNUM                                                                                              PLAINTIFF

v.                                               4:18-cv-00627-KGB-JJV

TAMMY KIMBLE, RN,
East Arkansas Regional Unit, ADC; *et al.*                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. INTRODUCTION

James N. Bynum ("Plaintiff") is confined in the Scott County Detention Center. He has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging that, while he was in the Arkansas Department of Correction ("ADC"), Defendant Dr. Butler failed to provide him with constitutionally adequate medical care for bilateral inguinal hernias.[1] (Doc. No. 2.) Plaintiff seeks monetary damages and injunctive relief against Defendant Butler in his individual and official capacities. (*Id*.)

Defendant Butler has filed a Motion for Summary Judgment, contending he is entitled to judgment as a matter of law. (Doc. Nos. 50, 51, 52.) Plaintiff has not filed a Response, and the time to do so has expired. After careful review, and for the following reasons, I find Defendant's Motion for Summary Judgment should be GRANTED, and Plaintiff's inadequate medical care claim against Defendant Butler should be DISMISSED with prejudice.

### II. SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if

---

[1] I have previously issued two Partial Recommended Dispositions suggesting Plaintiff's claims against Defendants Griffin and Kimble be dismissed without prejudice due to a lack of exhaustion. (Doc. Nos. 21, 28.)

the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. FACTS

The facts viewed in the light most favorable to Plaintiff, and taken mostly from his medical records and deposition, are as follows. (Doc. Nos. 52-1, 52-3). In October of 2015, Plaintiff began his incarceration at the ADC. (*Id.*) During an in-take examination, Plaintiff reported that, prior to his incarceration, he had three heart attacks resulting in the installation of a cardiac defibrillator and pacemaker. (Doc. No. 52-1 at 30-34). He also said he had several prior back

surgeries and chronic back pain. (*Id.*) Prison medical providers noted Plaintiff was morbidly obese, taking several cardiac medications that they continued, and had a cardiac ejection fraction of only 15%. [2] (*Id.*) Plaintiff also had bilateral inguinal hernias, but medical providers noted he did not complain of pain. (Doc. No. 52-1 at 33.)

On November 4, 2015, Plaintiff filed a sick call request seeking treatment for heart, back, and hernia issues. (*Id.* at 37). Thereafter, he was seen by nurses in the EARU infirmary on numerous occasions for heart and back treatment. (*Id.* at 27-31.) But, Plaintiff did not report problems with his hernia during those visits, and the nurses noted that he walked, stood, and sat without difficulty. (*Id.*)

Plaintiff saw Dr. Butler five times from November 17, 2015 to January 14, 2016, for cardiac check-ups and back pain, for which he received a variety of cardiac medications, as well as acetaminophen and naproxen. (*Id.* at 12-26.) And, Dr. Butler noted Plaintiff's ejection fraction was 15 to 25%. (*Id.*) There is no indication in the medical records Plaintiff reported any hernia problems to Dr. Butler during those visits. (*Id.*) However, during his deposition, Plaintiff said he "mentioned" his hernia to Dr. Butler, who "wasn't concerned with" it. (Doc. No. 52-3 at 3-4.) And, in his verified Complaint, Plaintiff says Dr. Butler determined there was "no medical necessity for treatment" for his hernia at that time. (Doc. No. 2 at 4.) I will construe this disputed fact in Plaintiff's favor.

On February 9 and 10, 2016, Plaintiff filed two sick call seeking medical care for his hernia and supportive undergarments. (Doc. Nos. 52-1 at 40-41). On February 15, 2016, Plaintiff was examined by Dr. Butler, who noted Plaintiff's scrotal sac was approximately 18 cm in diameter

---

[2] According to declaration of Dr. Jeffery Stieve, who is the ADC Regional Medical Director, a normal ejection fraction is 40-50%. (Doc. No. 52-2 at 3.)

and causing Plaintiff walking and toileting difficulties. (Doc. No. 52-1 at 5-7.) Dr. Butler ordered a surgical consult, continued Plaintiff's over the counter pain medications, and noted Plaintiff already had a wheelchair to alleviate any pain caused by walking. (*Id*. at 5-6, 42-44.) That was the last time Dr. Butler treated Plaintiff. (*Id*.)

On February 23, 2016, Plaintiff was transferred to the Wrightsville Unit where he received supportive undergarments for his hernia, which Plaintiff reported had been rapidly growing over the past couple of months. (*Id.* at 1-5.) On March 30, 2016, Plaintiff was examined by a private surgeon, who noted Plaintiff had a "large hernia on the right, and a small hernia on the left." (Doc. No. 52-1 at 45-50; Doc. No. 52-2.) The surgeon determined Plaintiff was not a surgical candidate due to his serious cardiac issues, obesity, and lack of hernia pain. (*Id*.) She instructed Plaintiff to lose a significant amount of weight, increase his exercise, continue to wear his supportive undergarments, and return for follow-up appointments. (*Id*.) And, she repeated those instructions during Plaintiff's next two follow-up appointments. (*Id*.) On February 15, 2017 (which was a year after Plaintiff was last treated by Dr. Butler), the surgeon determined that, even though there was a very high risk of complications due to Plaintiff's cardiac condition, surgical repair of the right hernia was medically necessary because it had enlarged, become incarcerated, and was causing significant pain. (*Id.)* Surgery was performed on March 6, 2017. (*Id*.)

IV. ANALYSIS

The Constitution requires correctional officers to provide prisoners with needed medical care. *A.H. v. St. Louis, MO*., 891 F.3d 721, 726 (8th Cir. 2018). To proceed to trial on his inadequate medical care claim, Plaintiff must have evidence that: (1) he had an objectively serious need for medical care for his hernias; and (2) Defendant Butler subjectively knew of, but deliberately disregarded, that serious medical need. *See Saylor v. Nebraska*, 812 F.3d 637, 644

(8th Cir. 2016); *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010). Because Defendant does not challenge the first element, the second element is the crux of this case. (Doc. No. 51.) Deliberate indifference, which is a higher standard than medical malpractice or gross negligence, "requires proof of a reckless disregard of the known risk." *Moore v. Duffy*, 255 F.3d 543, 545 (8th Cir. 2001). And, it is well settled a prisoner's disagreement with the course of medical care does not rise to the level of a constitutional violation. *Langford*, 614 F.3d at 460; *Jones v. Minn. Dep't of Corr.*, 512 F.3d 478, 482 (8th Cir. 2008).

It is undisputed Dr. Butler saw Plaintiff five times after he filed his November 4, 2015 sick call request seeking treatment for heart, back, and hernia issues, and that Plaintiff received extensive medical care for his serious heart and back problems during those exams. Although the medical records are silent on the matter, Plaintiff claims he also "mentioned" his hernia, which Dr. Butler allegedly determined, in his professional medical judgment, did not warrant medical treatment at that time. *See Barr v. Pearson,* 909 F.3d 919, 921–22 (8th Cir. 2018) ("doctors remain free to exercise their independent medical judgment" and a prisoner's "mere difference of opinion over matters of expert medical judgment or a course of medical treatment fails to rise to the level of a constitutional violation"). Dr. Butler saw Plaintiff on February 15, 2016, which was less than a week after he filed his second and third sick call requests seeking treatment for his hernia. At that time, Dr. Butler determined a surgical consult was appropriate because the hernias had enlarged and were causing walking and toileting problems. *See Fourte v. Faulkner Cnty.,* 746 F.3d 384, 390 (8th Cir. 2014) (finding no deliberate indifference when medical providers "made efforts to cure the problem in a reasonable and sensible manner"); *Kayser v. Caspari,*16 F.3d 280, 281 (8th Cir. 1994) (finding no deliberate indifference when medical personnel provided a prisoner with "an escalating level of treatment for [his] aliments over time"). It is undisputed Dr. Butler

6

was not involved in Plaintiff's subsequent medical care.

Importantly, Dr. Stieve says, in his sworn declaration, the care Dr. Butler rendered for Plaintiff's hernias was medically appropriate and that the over-the-counter medications he ordered were adequate to deal with Plaintiff's pain. (Doc. No. 52-2.) Plaintiff has not produced any contrary evidence. *See Dulany,* 132 F.3d at 1240 ("In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment"). And, I note the private surgeon did not prescribe any pain medication for Plaintiff's hernia in the year she supervised his medical care prior to surgery.

In the Complaint, Plaintiff says he sustained an infection and other post-surgical complications. (Doc. No. 2.) But, it is undisputed Dr. Butler stopped treating Plaintiff approximately <u>one year</u> before the surgery. And, Dr. Stieve says Dr. Butler's care played no role in Plaintiff's post-surgical complications. (Doc. No. 52-2.) Plaintiff has not refuted that evidence.

Plaintiff also believes Dr. Butler may have caused a delay in him receiving surgery. To proceed to trial on that claim, Plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the alleged delay in medical treatment." *Jackson v. Riebold*, 815 F.3d 1114, 1119 (8th Cir. 2016); *Gibson v. Weber*, 433 F.3d 642, 646-47 (8th Cir. 2006). In other words, Plaintiff must show Dr. Butler "ignored an acute or escalating condition," or that the delay "adversely affected his prognosis." *Schaub v. VonWald,* 638 F.3d. 905, 915 (8th Cir. 2011). Plaintiff has not produced any such evidence. To the contrary, it is undisputed the surgeon postponed surgery for a year due to Plaintiff's serious heart problems, obesity, and minimal hernial pain. Thus, it appears any surgical delay was caused by Plaintiff's serious health problems, and not by the medical care rendered by Dr. Butler.

I am not unsympathetic to the discomfort Plaintiff's bilateral hernias caused him, and I understand his desire in having that condition resolved. But, the bar for proceeding with a constitutional inadequate medical care claim, under 42 U.S.C. § 1983, is high. And, nothing in the record, which I have thoroughly reviewed, suggests Dr. Butler acted with deliberate indifference when he treated Plaintiff's hernias. Accordingly, I conclude Dr. Butler is entitled to summary judgment.

## V. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendant Butler's Motion for Summary Judgment (Doc. No. 50) be GRANTED, Plaintiff's inadequate medical care claim against him be DISMISSED with prejudice, and this case be CLOSED.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 6th day of August 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE