# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

JAMES N. BYNUM,
ADC #162076                                                 PLAINTIFF

v.                    Case No. 4:18-cv-00627-KGB/JJV

TAMMY KIMBLE, *et al.*                                             DEFENDANTS

## ORDER

The Court has received three Proposed Findings and Recommendations ("Recommendations") submitted by United States Magistrate Judge Joe J. Volpe (Dkt. Nos. 21, 28, 55). Plaintiff James Bynum filed no objections to the first Recommendation, and the time to file an objection to the first Recommendation has passed. Defendants filed a timely objection to the second Recommendation (Dkt. No. 29). In addition, Mr. Bynum filed an objection to the second Recommendation (Dkt. No. 43). Neither defendants nor Mr. Bynum filed an objection to the third Recommendation, and the time to file an objection to the third Recommendation has passed. After careful consideration of the three Recommendations and all of the objections, along with a *de novo* review of the record, the Court concludes that the first Recommendation is approved and adopted in its entirety, the second Recommendation is approved and adopted in part, and the third Recommendation is approved and adopted in its entirety as this Court's findings in all respects (Dkt. Nos. 21, 28, 55).

The Court adopts the first Recommendation (Dkt. No. 21). As a result, the Court grants defendant Rory Griffin's motion for summary judgment on the issue of exhaustion (Dkt. No. 17) and dismisses without prejudice Mr. Bynum's claims against Mr. Griffin.

In his second Recommendation (Dkt. No. 28), Judge Volpe recommends granting in part and denying in part the motion for partial summary judgment filed by defendants Tammy Kimble

and Dr. Brett Butler (Dkt. No. 25). Judge Volpe recommends granting the motion as to defendant Ms. Kimble and dismissing without prejudice for failure to exhaust his administrative remedies Mr. Bynum's claims against Ms. Kimble. Judge Volpe concluded that the record evidence demonstrated Mr. Bynum failed to identify Ms. Kimble in his sole grievance filed related to his hernia, the subject of his complaint. Judge Volpe recommends that the motion for partial summary judgment be denied in all other respects.

Defendants filed a timely objection to Judge Volpe's second Recommendation (Dkt. No. 29). Defendants maintain that Judge Volpe erroneously created a new, substantive burden of proof requiring the review of medical records in evaluating Dr. Butler's procedural exhaustion argument (Dkt. No. 29, at 2). The Court notes that Dr. Butler moved for partial summary judgment arguing that Mr. Bynum's claims against him should be limited to the February 15, 2016, date that Dr. Butler saw Mr. Bynum, not arguing for dismissal without prejudice of all claims against Dr. Butler (Dkt. No. 26, at 10). The Court concurs with defendants that Mr. Bynum's claims against Dr. Butler should be limited as requested based on the undisputed record evidence regarding Mr. Bynum's relevant grievances. Mr. Bynum filed an objection to the second Recommendation contending that Ms. Kimble should not be dismissed from this action (Dkt. No. 43). The Court finds no basis to support Mr. Bynum's objection. As a result, the Court adopts in part the second Recommendation.

In his third Recommendation (Dkt. No. 55), Judge Volpe recommends granting defendant Dr. Butler's motion for summary judgment, as the record evidence is insufficient to establish that Dr. Butler acted with deliberate indifference when he treated Mr. Bynum's hernias (Dkt. No. 51). No objections were filed. The Court adopts the third Recommendation in its entirety as the Court's findings in all respects.

For these reasons, the Court dismisses without prejudice for failure to exhaust his administrative remedies Mr. Bynum's claims against defendants Mr. Griffin and Ms. Kimble and dismisses with prejudice Mr. Bynum's claims against defendant Dr. Butler. The Court denies Mr. Bynum's requests for relief. All claims having been disposed of, the Court will enter a separate Judgment in this matter.

So ordered this 24th day of September, 2019.

_____
Kristine G. Baker
United States District Judge